UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD STAIN<br><br>    Defendant. | 2:02-cr-0201-LRH-LRL<br><br>ORDER |

Before the court is defendant Edward Stain's ("Stain") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #285. Also before the court is Stain's motion for appointment of counsel. Doc. #286.

**I.    Facts and Procedural History**

Stain was indicted on six separate charges related to a series of robberies: (1) conspiracy; (2) interference with commerce by threats or violence; (3) possession of a firearm during and in relation to a crime of violence; (4) armed bank robbery; (5) possession of a firearm during and in relation to a crime of violence; and (6) interference with commerce by threats or violence. Doc. #171. Stain proceeded to trial and was convicted by a jury on all six counts. Doc. #217. He was subsequently sentenced to a total term of five hundred and thirty-five (535) months incarceration. Doc. #234.

Stain appealed his conviction and sentence and the Ninth Circuit ultimately vacated his

conviction for conspiracy, but affirmed his remaining convictions as well as his total sentence. Doc. #271. Thereafter, Stain filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #285.

**II.      Discussion**

    **A. Effective Assistance of Counsel**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at 1348 (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

In his motion for relief under § 2255, Stain argues that his counsel was constitutionally ineffective because his counsel failed to raise a double jeopardy defense concerning the two charges

for possession of a firearm during and in relation to a crime of violence. *See* Doc. #285.

The court has reviewed the documents and pleadings on file in this matter and finds that Stain's argument is without merit. Stain contends that the jury convicted him twice for the same crime because the jury instructions did not link each possession of a firearm charge to a separate crime. Stain is mistaken. The first possession of a firearm charge was unequivocally linked in the jury instructions to a robbery committed at the Ramada Inn Speedway Casino. *See* Doc. #217, Jury Inst. 17 (referencing to Count 2). Similarly, the second possession of a firearm charge was linked to a bank robbery of a Wells Fargo. *See* Doc. #217, Jury Inst. 19 (referencing Count 4). Because the jury instructions carefully attributed the separate possession of a firearm charges to separate underlying criminal charges, there is no basis to support a double jeopardy challenge. Therefore, the court finds that Stain's counsel was not ineffective for failing to raise a defense that had no merit.

### B. Special Assessment

Also in his motion Stain challenges the imposition of a $600 special assessment issued by the court in the amended judgment. Stain argues that because the Ninth Circuit vacated his conviction for conspiracy, the special assessment should have been reduced to $500.

The court agrees. Stain is correct that the imposition of a special assessment is limited to the total number of convicted charges. Because Stain's conviction for conspiracy was vacated by the Ninth Circuit, he was ultimately convicted of only five charges. Thus, the special assessment should have been reduced from $600 to $500 in the amended judgment (Doc. #275) to reflect the Ninth Circuit's order.

### C. Motion for Appointment of Counsel

An indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the court for appointment of representation to pursue that relief. 18 U.S.C. § 3006(A)(2)(B). The court has discretion to appoint counsel when the interest of justice so requires. 18 U.S.C. § 3006(A)(2). The

interest of justice so requires where the complexities of the case are such that denial of counsel would amount to a denial of due process. *See Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the court has reviewed the documents and pleadings on file in this matter and finds that appointment of counsel is not warranted. The issues raised in Stain's underlying § 2255 motion are not complex and Stain has made no showing as to why denial of counsel would amount to a denial of due process. Therefore, the court finds that Stain is not entitled to counsel and shall deny his motion accordingly.

### D. Certificate of Appealability

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B).

Here, the court finds that Stain has not shown a denial of a constitutional right in his § 2255 motion. Further, Stain has failed to, and cannot, demonstrate that reasonable jurists would find the court's assessment of his claims debatable or wrong. *See Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). Therefore, the court shall not issue Stain a COA on his motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255.

///

///

///

///

///

///

///

4

1    IT IS THEREFORE ORDERED that defendant's motion to vacate or correct sentence
2 pursuant to 28 U.S.C. § 2255 (Doc. #285) is GRANTED in-part and DENIED in-part in accordance
3 with this order. The clerk of court shall issue an AMENDED JUDGMENT reducing the imposed
4 special assessment from $600 to $500.

    IT IS FURTHER ORDERED that defendant's motion for appointment of counsel (Doc. #286) is DENIED.

    IT IS FURTHER ORDERED that defendant's motion to treat the motion to vacate as timely (Doc. #287) is GRANTED *nunc pro tunc*.

    IT IS FURTHER ORDERED that a Certificate of Appealability of this order is DENIED.

    IT IS SO ORDERED.

    DATED this 28th day of August, 2012.

    _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE